# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Lloyd C. Kidd, | ) | |
|            Petitioner, | ) | Civil Action No. 6: 23-cv-01326-TMC |
| vs. | ) | **ORDER** |
| Warden Williamsburg Federal Correctional Institution, | ) | |
|            Respondent. | ) | |

Lloyd C. Kidd ("Petitioner"), a federal prisoner currently housed in Williamsburg Federal Correctional Institution ("FCI Williamsburg"), proceeding *pro se*, challenges various *conditions of confinement* in a petition for habeas relief filed under 28 U.S.C. § 2241. Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), this matter was assigned to a magistrate judge for review and recommendations to court. On April 28, 2023, the magistrate judge issued a Report and Recommendation ("Report"), recommending that the court dismiss this action with prejudice, without leave to amend, and without issuance and service of process (ECF No. 24 at 14), on several grounds: that conditions of confinement claims are not cognizable in habeas proceedings, *see id*. at 4–5; that "even presuming the petitioner could bring conditions of confinement claims under § 2241 in this circuit, his petition would be mooted by his transfer to FCI Williamsburg" as "as he is no longer incarcerated at the NYC Detention Centers where the complained-of conditions took place," *id*. at 5; and that, even assuming Petitioner's claims were cognizable under § 2241, such claims failed to state a basis for relief, *see id*. at 5–13.

The Report was mailed to Petitioner at the address he provided the court. (ECF No. 25). On May 8, 2023, the court received Petitioner's motion for an extension of time and to appoint

legal counsel. (ECF No. 26). On May 9, 2023, the court denied the motion to appoint counsel but granted Petitioner additional time to file objections to the Report. (ECF No. 27). Rather than take advantage of the additional time granted by the court, however, Petitioner sent letters to the court (ECF Nos. 29; 30)—which the court liberally construes as motions—again seeking appointment of counsel and requesting recusal of the undersigned judge based on the court's previous denial of the motion for appointment of counsel as well as the court's "mischaracterization of [the] complaint." (ECF No. 30). Finally, Petitioner seeks another extension of time--presumably to respond to the Report. *Id*.

To the extent that Petitioner seeks reconsideration of the court's denial of his motion to appoint counsel, the court finds no basis for altering its previous order (ECF No. 27). There is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). The determination to appoint counsel in this context rests solely within the discretion of the district court and the appointment of counsel "should be allowed only in exceptional cases." *Cook v. Bounds*, 518 F.2d 779, 780 (4th Cir. 1975). Petitioner has presented no such exceptional circumstances. The court **DENIES** Petitioner's motion to appoint legal counsel.

To the extent that Petitioner seeks the recusal of the undersigned judge from these proceedings, the court notes that an unfavorable ruling against a party without more does not show impartiality or bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Although "[d]issatisfaction with a judge's views on the merits of a case may present ample grounds for appeal . . . it rarely—if ever—presents a basis for recusal." *Belue v. Leventhal*, 640 F.3d 567, 575 (4th Cir. 2011). Petitioner has presented no basis to justify recusal; accordingly, the court **DENIES** that motion.

Finally, to the extent Petitioner seeks another extension of time, the court declines to do so. Since the issuance of the Report in April 2023, Petitioner has been able to file three motions/letters making repetitive arguments. Petitioner has not explained why two months was insufficient for him to state his objections to the Report. Accordingly, under these circumstances, the court **DENIES** additional time to object to the Report.

The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). Nevertheless, "[t]he district court is only required to review *de novo* those portions of the report to which specific objections have been made, and need not conduct *de novo* review 'when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations.'" *Farmer v. McBride*, 177 Fed. App'x 327, 330–31 (4th Cir. April 26, 2006) (quoting *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982)). The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, in the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Greenspan v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

After a careful and thorough review of the record under the appropriate standards, as set forth above, the court finds no reason to deviate from the magistrate judge's recommended disposition as set forth in the thorough Report. Accordingly, the court **ADOPTS** the Report (ECF

No. 24), which is incorporated herein. The petition is hereby **DISMISSED** with prejudice, without leave to amend, and without issuance and service of process.

    **IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
July 7, 2023


### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Because this action was brought pursuant to § 2241, a certificate of appealability is not required. *See Myles v. Wolfe*, No. 22-6198, 2022 WL 17665381, at *1 (4th Cir. Dec. 14, 2022) (noting that "a certificate of appealability is not necessary when a federal prisoner seeks to appeal the denial of a § 2241 petition").